M. C. COMBS, *Appellant*, v. ETHEL COMBS AND A. F. COR-NELIUS, *Appellees*.

Division B.

Opinion Filed July 8, 1927.

PER CURIAM.—The record title to two lots 6 and 7, occupied as a homestead, was in M, the husband, and the husband and wife E conveyed lot 6 containing the home to C; then a divorce is obtained by the wife and the husband leaves the home in which his children and E, their mother, continue to live. C conveyed lot 6 to E; still later M conveyed lot 7 to P and brought suit to annul the divorce decree and to cancel the conveyance of lot 6 to C on the ground of duress; the chancellor on supporting evidence held the divorce effective and ordered that the deeds to M, under which he claimed title, be reformed to make the title in the names of M and E upon a showing that E furnished a part of the consideration on an agreement with M that the land would be conveyed to M and E jointly; and the chancellor adjudicated that M and E had divided the joint property, each taking one lot, and confirmed the conveyance of lot 6 through C to E, ordering E to quit-claim lot 7 to M. *Held* M had no title to lot 6.

130

*E. L. Bryan,* for Appellant;

*Herbert S. Phillips* and *Dickenson & Diaz,* for Appellees.

PER CURIAM.—It appears that M. C. Combs and Ethel Combs lived with their children on and occupied as a home described twenty acres of land known as Lots 6 and 7, the record title to which was in M. C. Combs; that on March 31, 1922, the husband and wife for one dollar and other valuable considerations, joined in conveying ten acres of the land, including the family home, known as Lot 6, to A. F. Cornelius; that the couple were divorced October 14, 1922, the father leaving the mother and children living on Lot 6 as their home; that on October 3, 1923, Cornelius conveyed the ten acres known as Lot 6 to Ethel Combs; that on October 27, 1926, M. C. Combs conveyed Lot 7 to George C. Putnam. A bill in equity was brought by M. C. Combs against Ethel Combs to annul the divorce decree and to cancel the conveyances of Lot 6 to Ethel Combs on the ground of duress, it being also claimed that the property was the homestead of M. C. Combs. The chancellor on supporting evidence held the divorce effective and ordered that the deeds to M. C. Combs under which he claimed title, be reformed to make the title in the names of M. C. Combs and Ethel Combs upon the showing that she furnished a part of the consideration on an agreement with her husband that the land was to be conveyed to her husband and herself jointly. The decree adjudicated that the husband and wife divided their joint property, the husband taking Lot 7, and the wife Lot 6; and confirmed the conveyance of Lot 6

through Cornelius to the divorced wife, and also ordered her to quit-claim Lot 7 to George C. Putnam, the grantee of M. C. Combs.

M. C. Combs appealed.

When the conveyance of Lot 6 to Cornelius was made the record title was in M. C. Combs, but when the deeds to Combs were reformed to vest the title of Lots 6 and 7 in M. C. Combs and Ethel Combs, the couple had been divorced and the conveyance of Lot 6 had been made through Cornelius to Ethel Combs, who with her children had remained on the property as their home; and by virtue of the agreed division of the joint property as adjudicated by the court and the conveyance through Cornelius, Ethel Combs became the owner of Lot 6, and she also became the head of the family when M. C. Combs left. M. C. Combs therefore has not title to Lot 6.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.